UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                                      DECISION AND ORDER
          v.                                           04-CR-189A

AMEER McKNIGHT,

                    Defendant.

---

## **INTRODUCTION**

On January 20, 2005, a federal grand jury returned a Superseding Indictment charging the defendant, Ameer McKnight, and others with various drug trafficking crimes. Specifically, defendant McKnight was charged with one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1]

At defendant's initial appearance, United States Magistrate Judge Leslie G. Foschio ordered that defendant be detained pending a hearing. Following the detention hearing, Magistrate Judge Foschio ordered that the defendant be detained pending trial.

---

[1] Since the time of the Superseding Indictment, the grand jury has returned a Second Superseding Indictment. However, the charges pending against defendant McKnight remain the same.

Currently before the Court is defendant's motion, pursuant to 18 U.S.C. § 3145(b), for revocation of Magistrate Judge Foschio's detention order. A hearing on defendant's motion was held on June 14, 2005.

After reviewing Magistrate Judge Foschio's detention order and the transcripts of the proceedings before him, and after considering the evidence adduced at the hearing before this Court and the submissions of the parties, and after hearing argument from counsel, the Court denies defendant's motion to revoke the detention order. The following constitutes the Court's findings of fact and statement of reasons for detention in accordance with 18 U.S.C. § 3142(I).

## DISCUSSION

Under 18 U.S.C. § 3142(f)(1)(C), the government may move for pretrial detention of a defendant where the case involves "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)[.]" In this case, the government moved for detention of the defendant pending trial, pursuant to § 3142(f)(1)(C), and Magistrate Judge Foschio granted that motion.

If a defendant is ordered detained by a magistrate judge, he may, under 18 U.S.C. § 3145(b), move for revocation of the detention order before the district court. Upon such motion, the district court must perform a *de novo* review of the magistrate judge's detention order. United States v. Leon, 766

F.2d 77, 80 (2d Cir. 1985) (finding that a district court should "not simply defer to the judgment of the magistrate, but reach its own independent conclusion"); see also United States v. Colombo, 777 F.2d 96, 100 (2d Cir. 1985).  When making its *de novo* review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence.  Colombo, 777 F.2d at 98 n.1;  Leon, 766 F.2d at 80;  United States v. Delker, 757 F.2d 1390, 1395-96 (3d Cir. 1985).

Where an indictment charges a defendant with a narcotics offense for which the potential term of imprisonment is ten or more years, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community.  18 U.S.C. § 3142(e); United States v. Rodriguez, 950 F.2d 85, 87 (2d Cir. 1991).  Thus, in cases such as this, there is a rebuttable presumption that the defendant is a flight risk and will pose a danger to community if released.  Id.

Although the government retains the burden of persuasion on these issues–*i.e.,* risk of flight and danger to the community–"a defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption." Id. at 88 (citing United States v. Martir, 782 F.2d 1141, 1144 (2d Cir. 1986)).  "Once a defendant introduces rebuttal evidence, the presumption,

rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant." Id.

"Congress framed the flight presumption in light of its general finding, based on extensive testimony, that flight to avoid prosecution is 'particularly high among those charged with major drug offenses.'" Martir, 782 F.2d at 1144 (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 20, reprinted at 1984 U.S.C.C.A.N. 3203). Accordingly, the Second Circuit has stated that "it does not follow that the effect of the presumption disappears as soon as the defendant produces some contrary evidence." Id.

Where the issue involves a defendant's risk of flight, the Second Circuit has observed:

> The [Bail Reform Act of 1984] provides that a court should order a defendant detained pending trial if "no conditions or combination of conditions will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e). We have interpreted § 3142(e) to require a district court to engage in a two step inquiry before ordering a defendant released or detained pending trial.
>
> First, the court must make a finding as to whether the defendant presents a risk of flight if not detained. Second, if the court finds that a defendant is likely to flee, then the court must proceed to the second step of the inquiry, namely, whether there are conditions or a combination of conditions which reasonably will assure the presence of the defendant at trial if he is released. The burden of proof is on the government to prove the absence of such conditions by a preponderance of the evidence.

United States v. Shakur, 817 F.2d 189, 194-95 (2d Cir.) (citations omitted), cert. denied, 484 U.S. 840 (1987).

Facts supporting a finding of dangerousness to the community must "be supported by clear and convincing evidence." 18 U.S.C. § 3142(f); Rodriguez, 950 F.2d at 88. The government maintains the burden of proving dangerousness by clear and convincing evidence even when the statutory presumption has been invoked. Rodriguez, 950 F.2d at 88.

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of the community, the Court must consider the factors provided in 18 U.S.C. §3142(g):

(1) The nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings[.]

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Second Circuit has warned that, in applying these factors to any particular case, "the court should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." Shakur, 817 F.2d at 195

(quoting S. Rep. No. 225, 98th Cong., 2nd Sess. 7, reprinted at 1984 U.S.C.C.A.N. 3182, 3189).

Applying the above principles in the instant case, the Court finds that the defendant should be detained. First, the presumption of 18 U.S.C. § 3142(e) is in effect in this case. Thus, it is presumed that no condition or combination of conditions will assure the appearance of the defendant as required and the safety of the community if he is released. Defendant has failed to come forward with any evidence to rebut this presumption.

Second, applying the factors in 18 U.S.C. § 3142(g), the Court finds: (1) by a preponderance of the evidence that defendant presents a risk of flight and that no condition or combination of conditions will reasonably assure that he will appear as required if released; and (2) by clear and convincing evidence that no condition of combination of conditions will reasonably assure the safety of the community if he is released.

The first factor of § 3142(g)–"[t]he nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug"–weighs in favor of detention. Defendant is charged with participating in a conspiracy to distribute substantial amounts of cocaine, a narcotic drug, over approximately a three-year period. Because of the nature of the charges and defendant's criminal history, he faces a mandatory minimum sentence of 20 years and a maximum sentence of life imprisonment. See 18 U.S.C. §

841(b)(1)(A).  Such a potentially lengthy term of imprisonment presents ample incentive for defendant to flee prior to trial.  See Martir, 782 F.2d at 1145.

The second factor of § 3142(g)–"the weight of the evidence against the person"–also weighs in favor of detention.  The government's proffer and the evidence adduced at the hearing show that the government has a strong case against the defendant.  The government alleges that the defendant was part of a large cocaine distribution organization in Buffalo.  The government proffered that it has several tape recorded conversations involving the defendant and others during which coded language was used to discuss drug transactions.  When a search warrant was executed at defendant's home, agents seized a Davis semi-automatic .380 pistol and several safes.

The third factor of § 3142(g)–"the history and characteristics of the person"–likewise weighs in favor of detention.  Defendant has a substantial criminal history, including a conviction for Reckless Endangerment in the 1st Degree, a felony drug conviction and a weapons conviction.  He also has numerous other arrests for crimes involving elements of violence and assault.  In addition, defendant has: (1) a number of arrests and convictions for crimes committed while he was on parole supervision; (2) multiple parole revocations; (3) multiple arrests while on pretrial release in other criminal cases; and (4) an arrest and conviction for a crime committed while he was awaiting prison designation.  Moreover, while on parole supervision, defendant was arrested

and charged with false personation in an attempt to avoid detection. Finally, the instant offense was allegedly committed while defendant was on parole supervision.

Defendant's girlfriend has an active protective order against him. Further, defendant does not maintain a stable residence, has a tenuous employment history and has not been employed since 2001.

The fourth factor of § 3142(g)–"the nature and seriousness of the danger to any person or the community"–further weighs in favor of detention. As stated, the defendant has a conviction for Reckless Endangerment in the 1st Degree, a felony drug conviction and a weapons conviction. In addition, as detailed above, the defendant has a substantial history of committing crimes while on court supervision. Moreover, as stated above, when agents executed a search warrant at defendant's home, they seized a Davis semi-automatic .380 pistol. Thus, defendant's record demonstrates that he is not amenable to court supervision and would pose a serious risk to the community if released.

## **CONCLUSION**

For the reasons stated, the Court hereby denies defendant's motion to revoke Magistrate Judge Foschio's detention order and orders that defendant be detained pending trial. Defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent

practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of the Court or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

       IT IS SO ORDERED.

                                    /s/ Richard J. Arcara

                                    _____
                                    HONORABLE RICHARD J. ARCARA
                                    CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT

Dated: July 22    , 2005